UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

HK SYSTEMS, INC.,

        Plaintiff,

     v.                         Case No. 03-C-0795

ADMIRAL INSURANCE COMPANY,

        Defendant.

ORDER DENYING MOTION FOR PREJUDGMENT INTEREST
AND ATTORNEYS' FEES

This court issued a judgment in favor of HK Systems, Inc. against Admiral Insurance Company, providing that Admiral pay HK Systems $714,796.20, plus taxable costs and post judgment interest, and declaring that Admiral must reimburse HK Systems for reasonable attorneys' fees incurred or to be incurred in Milwaukee County Circuit Court Case No. 03-CV-007184. HK Systems moves the court for attorneys' fees in pursuing the present case and prejudgment interest at the rate of 12%. Admiral opposes the motion, arguing that attorneys' fees are not appropriate and that either no prejudgment interest is owed or the interest rate is only five percent.

In July 2002, a Quad/Graphics Inc., building burned and collapsed. HK Systems had been involved in constructing the building and at the time of the fire, HK Systems had a commercial general liability insurance policy as well as a professional liability insurance policy with Admiral.

Eventually, Quad/Graphics sued HK Systems. Admiral recognized its duty to defend HK Systems and tendered attorney Robert Burrell of Borgelt, Powell, Peterson &

Frauen, S.C., of Milwaukee, to represent HK Systems in the Quad/Graphics litigation. HK Systems rejected Burrell as defense counsel. Instead, it wanted the Chicago law firm of Mayer, Brown, Rowe, and Maw, LLP as its lead council.

Admiral informed HK Systems that it was willing to accept Mayer Brown in lieu of Borgelt Powell subject to an agreement regarding payment of reasonable attorneys' fees. Admiral agreed to pay up to $175 per hour, but Mayer Brown's rates were substantially higher. HK Systems proceeded with Mayer Brown and requested payment in full for Mayer Brown's legal services. Admiral tendered payment of $175 per hour instead of the fees actually charged by Mayer Brown.

HK Systems filed this lawsuit against Admiral for recovery of the full amount of Mayer Brown's fees.[1] The court granted partial summary judgment in HK Systems's favor, deciding that Admiral voluntarily allowed HK Systems to choose its own attorneys and had to pay fees up to a reasonable amount. (Decision & Order filed 6/27/05 at 30-35.) However, the court denied HK Systems's motion for summary judgment on the issue of whether Mayer Brown's fees were reasonable as a matter of law. (*Id.* at 34-35.) Thereafter, the court conducted a bench trial on the reasonableness of the attorneys' fees and found that the attorneys' fees HK Systems incurred in the Quad/Graphics litigation were reasonable (Tr. of 2/2/06 Hr'g at 3-12). Consequently, HK Systems was awarded $714,796.20 to cover the funds it had already expended for legal services in the Quad/Graphics litigation and held that Admiral was obligated to reimburse HK Systems for any unreimbursed or future attorneys' fees.

---

[1]This lawsuit also covered fees charged by Hale & Wagner, which exceeded $175 per hour. However, for discussion purposes this order refers to the Mayer Brown fees only.

Now, HK Systems moves for prejudgment interest and an award for the attorneys' fees incurred in *this* litigation.  HK Systems argues it is entitled to 12% prejudgment interest pursuant to Wis. Stat. § 628.46(1).  (Pl.'s Mot. at 3.)  In the alternative, HK Systems argues it is entitled to 5% interest pursuant to Wisconsin common law.  (Pl.'s Mot. at 2 n.1; Pl.'s Reply at 3.)  According to HK Systems, it is entitled to attorneys' fees in this case in accordance with *Elliott v. Donahue*, 169 Wis. 2d 310 (1992), and Fed. R. Civ. P. 54.  (Pl.'s Mot. at 3-4.)

## ANALYSIS

In this diversity case, state law applies.  *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).  Hence, the court must apply substantive law as declared by the state's legislature or highest court.  *Id.* at 78-79; *Home Valu, Inc. v. Pep Boys – Manny, Moe and Jack of Del., Inc.*, 213 F.3d 960, 963 (7th Cir. 2000).  If Wisconsin law is unclear, this court must predict how the Supreme Court of Wisconsin would decide the question.  *Rodman Indus., Inc. v. G & S Mill, Inc.*, 145 F.3d 940, 942 (7th Cir. 1998).  However, federal courts sitting in diversity should hesitate to expand state law in the absence of any indication of such an intent by the state courts or legislature.  *King v. Damiron Corp.*, 113 F.3d 93, 97 (7th Cir. 1997).  When faced with two equally plausible interpretations of state law, the federal court should choose the narrower interpretation that restricts liability, rather than an expansive interpretation that creates more liability.  *Home Valu, Inc.*, 213 F.3d at 963.

## PREJUDGMENT INTEREST

A.     HK Systems Is Not Entitled to 12% Prejudgment Interest

3

An insurance company is subject to 12% prejudgment interest when it refuses to pay a claim within thirty days of receiving written notice, unless the insurer has reasonable proof that it is not responsible for the payment. Wis. Stat. § 628.46 (2006).

Admiral did not pay the full amount of Mayer Brown's fees within thirty days of receiving bills from the Quad/Graphics litigation. Thus, the question is whether Admiral had reasonable proof that it was not responsible for paying more than $175 toward Mayer Brown's fees. *See U.S. Fire Ins. Co. v. Good Humor Corp.*, 173 Wis. 2d 804, 835 (Ct. App. 1993).

As noted in this court's summary judgment decision, Admiral was entitled to limit its duty to defend to paying attorneys' rates that were reasonable. No Wisconsin case was directly on point as to whether an insurer had to pay all of the fees charged by an insured's attorney or whether there was a reasonableness cap. (*See* Decision & Order filed 6/27/05 at 32.) Further, a Wisconsin Court of Appeals decision had imposed a reasonableness cap on attorneys' fees incurred by an insured when an insurer breached its duty to defend, *Patrick v. Head of the Lakes Coop. Elec. Ass'n*, 98 Wis. 2d 66 (Ct. App. 1980), and Admiral had not breached its duty to defend. Thus, Admiral had sufficient legal grounds for believing that it did not have to pay Mayer Brown's fees just because HK Systems desired or demanded it.

At trial, Admiral presented evidence that HK Systems's requested hourly rates for legal services were not reasonable. It is true that the court found unpersuasive Admiral's evidence that Burrell would have done the work for $145 per hour. However, the court had before it evidence that the fees charged by Mayer Brown were at the extreme high end of the range of fees charged by firms in Milwaukee and that many other attorneys in this area charged $150 to $250 less per hour than the Mayer Brown partner who was engaged for the Milwaukee Circuit Court case. Admiral's exhibit 1013 showed that as of June 2001, one year

4

before the fire occurred, attorneys in Milwaukee County charged a median rate of $175 and only 5% of law firms charged more than $300 per hour. (Def.'s Tr. Ex. 1013 at 29, 30.) For business and litigation legal work, rates from $215 to $330 per hour represented the seventy-fifth through ninety-fifth percentile range. (*Id.* at 30.) Only 5% of billing rates exceeded $330. (*Id.*) Thus, reasonable evidence indicated that Mayer Brown's partner rate of almost $500 per hour could be considered excessive. That the court decided this matter in HK Systems's favor does not mean that Admiral lacked reasonable factual basis for withholding payment. Therefore, HK's request for 12% prejudgement interest is denied.

B.     HK Systems Is Not Entitled to 5% Prejudgment Interest

          Under Wisconsin common law, prejudgment interest at the rate of 5% is recoverable when there is a "'reasonably certain standard of measurement by the correct application of which one can ascertain the amount he owes.'" *Olguin v. Allstate Ins. Co.*, 71 Wis. 2d 160, 168 (1976) (quoting *Laycock v. Parker*, 103 Wis. 161, 186 (1899)). Stated otherwise, prejudgment interest is awarded when the amount owed is readily determinable. *Id.* When deciding whether to award prejudgment interest, the court does not look at the merits of the insurers' argument on coverage. *U.S. Fire Ins. Co.*, 173 Wis. 2d at 833. Rather, the question is whether the amount of the claim is determined or readily determinable. *Id.* "Where the dispute goes to the very method of calculating the amount owed, prejudgment interest is not appropriate." *Jones v. Jenkins*, 88 Wis. 2d 712, 726 (1979).

          Some Wisconsin cases suggest that the market value for services is a reasonably certain standard of measurement. *See Wyandotte Chems. Corp. v. Royal Elec. Mfg. Co.*, 66 Wis. 2d 577, 581 (1975); *Laycock*, 103 Wis. at 185. "'If one having a commodity to purchase or certain services to hire can by inquiry among those familiar with the subject

5

learn approximately the current prices which he would have to pay therefor, a market value can well be said to exist, so that no serious inequity will result'" from the award of prejudgment interest. *Wyandotte Chems. Corp.*, 66 Wis. 2d at 583 (quoting *Laycock*, 103 Wis. at 186-87).

In this case, the primary issue at trial was whether the requested compensation for attorneys' fees was reasonable. This was a factual dispute that could not be determined without a trial. HK Systems's summary judgment motion was denied because the issue could not be decided as a matter of law; the reasonableness of the fee payable to Mayer Brown was not readily determinable. Further, the court cannot say that the market value for legal work in a Milwaukee case by Chicago-based attorneys creates a reasonably certain standard of measurement. Although the evidence at trial included information on litigation attorneys' fees in Milwaukee, the evidence was of a wide range of such fees, not a determinable or single approximate price.

HK Systems relies on *Giffen v. Tigerton Lumber Co.*, a case in which the Supreme Court of Wisconsin awarded prejudgment interest in a dispute over attorneys' fees. 26 Wis. 2d 327 (1965). However, that case is distinguishable. In *Giffen*, the parties stipulated to the hourly rate of the legal work; the issue before the court was whether the number of hours charged by the attorney was reasonable. *Id.* at 330-32. Importantly, the defendant in *Giffen* refused to make any payment at all, even though it admitted that it owed the attorney something. *Id.* at 334. The court relied on evidence that the defendant could have tendered an amount that it deemed reasonable to stop the running of interest to the extent of the tender. *Id.* In the subsequent case of *Jones v. Jenkins*, the Supreme Court of Wisconsin upheld the denial of prejudgment interest because the defendant had made a partial payment,

6

albeit under a court order. The *Jones* court acknowledged *Giffen* but distinguished it on this ground.

Here, Admiral tendered the fees it deemed reasonable, i.e., $175 per hour. Thus, under *Giffen* and *Jones* prejudgment interest is not required. Further, the amount at issue in *Giffen* was at most $8,060, *id.* at 328, and the defendant acknowledged it owed at least a part of that, *id.* at 334. Therefore, the sum owed was in the range of a couple thousand dollars to eight thousand dollars, a reasonably ascertainable amount. Here, the possible amounts owed, if *hourly* fees ranged from $175 to about $500 dollars, varied by hundreds of thousands of dollars; such a substantial range means that the fees owed were not readily determinable.

Because the reasonable rate of attorneys' fees was not readily determinable, HK Systems's request for 5% prejudgment interest is denied.

## ATTORNEYS' FEES

HK Systems filed this motion seeking attorneys' fees under Fed. R. Civ. P. 54(d)(2) before the court issued a final judgment in this case. Admiral argues that the motion was premature under Rule 54 because it was not filed within "14 days *after entry of judgment*." (Def.'s Resp. at 8.) It maintains that judgment must be entered *before* a Rule 54 motion may be filed. (*Id.*)

Rule 54(d)(2)(B) states that "[u]nless otherwise provided by statute or order of the court, the motion must be filed no later than 14 days after entry of judgment." By its terms the rules do not require that the motion be filed *after* judgment but only that the motion be on record two weeks following the entry of judgment. Thus, any date before the fourteenth day after judgment is an acceptable filing date for and attorneys' fee request, even if the motion

7

predates the judgment.  "It is clear . . . from the plain language of the rule that the fourteen-day period marks an outer temporal limit for filing a motion for attorney's fees; it does not establish an unalterable 14 day *post-final-judgment* window *only within which* a motion for an award of attorney's fees may be filed."  *Contract Materials Processing, Inc. v. Kataleuna GmbH Catalysts*, 222 F. Supp. 2d 733, 739 (D. Md. 2002) (finding motion for attorneys' fees timely even though filed before judgment).

Moreover, the fourteen-day deadline was adopted to accomplish several ends, for instance ensuring that the opposing party has notice of the claim for attorneys' fees before the time for appeal has elapsed and allowing appellate review fee decisions with review of the merits.  10 Charles Alan Wright, et al., Federal Practice and Procedure: Civil § 2680 (3d ed. 1998). These goals are met by a motion filed before the judgment is entered.  Therefore, HK's motion for attorneys' fees was timely.

However, the content of the motion is insufficient.  The motion must include "the amount or provide a fair estimate of the amount sought."  Fed. R. Civ. P. 54(d)(2)(B).  HK Systems failed to provide a fair estimate of the sum it should receive as attorneys' fees.  HK Systems relies on subparagraph (C) of Rule 54(d)(2), which until recently said the court can "determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed."  Fed. R. Civ. P. 54(d)(2)(C).[2]  However, that subparagraph does not eliminate the need for a statement fairly estimating the amount sought.  The language HK cites refers to the evidentiary support that may follow the motion.

---

[2]The wording of the rule was changed as of December 1, 2007, but the changes were stylistic not substantive.  Fed. R. Civ. P. 54 advisory committee note 2007 amendments.  Because the motion was filed prior to the change in wording, the court has used the older version.

> The rule does not require that the motion be supported at the time of filing with the evidentiary material bearing on the fees. This material must of course be submitted in due course, according to such schedule as the court may direct in light of the circumstances of the case. What is required is the filing of a motion sufficient to alert the adversary and the court that there is a claim for fees, *and the amount of such fees (or a fair estimate)*.

Fed. R. Civ. P. 54 advisory committee note 1993 amendments (emphasis added).

Moreover, on the merits, it is inappropriate to award attorneys' fees in this matter. Wisconsin follows the American rule regarding attorneys' fees. *Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 510 (1998); *Kremers-Urban Co. v. Am. Employers Ins. Co.*, 119 Wis. 2d 722, 744 (1984). Each party bears its own costs of litigation and attorneys' fees are not ordinarily recoverable in the absence of a statute or enforceable contract providing therefor. *Kremers*, 119 Wis. 2d at 744. The Supreme Court of Wisconsin has allowed only limited and narrow exceptions to the American rule. *Gorton*, 217 Wis. 2d at 512.

One such exception is found in *Elliott v. Donahue*, 169 Wis. 2d 310 (1992), in which the Supreme Court of Wisconsin awarded attorneys' fees that the insured expended in establishing coverage, pursuant to the Wisconsin declaratory judgment statute, Wis. Stat. § 806.04(8). The court found that the insurer breached its duty to defend when it failed to move for both bifurcation and a stay of the liability portion of the litigation. *Elliott*, 169 Wis. 2d at 406. The plaintiff needed a defense on the merits, but the defendant insurance company did not provide such a defense. *Reid v. Benz*, 2001 WI 106, ¶ 18, 245 Wis. 2d 658, 671, ¶ 18 (explaining *Elliott*). To challenge coverage without running the risk of breaching the duty to defend, an insurance company must bifurcate the issues of its duty to defend and

9

liability to the third party and move to stay any proceedings on liability until the duty to defend issue is resolved.  *Id.* ¶ 22.

Subsequent decisions from the Supreme Court of Wisconsin have clarified and confirmed that the considerations in *Elliott* apply only where an insurer has breached its duty to defend.  In *Reid*, the court noted that "it was the equities related to the duty to defend that prompted us to award attorney fees to the insured."  2001 WI 106, ¶ 20; 245 Wis. 2d 658, ¶ 20.  The court continued:

> [T]his court's decision to award attorney fees in *Elliott* did "relate[] back," to the insurer's breach of the duty to defend. . . . [T]his court's rationale was inseparable from the breach of that duty. Moreover, as this court noted twice since *Elliott*, the award of attorney fees was tied to the breach of the duty to defend.

2001 WI 106, ¶ 20 n.5,  245 Wis. 2d 658, ¶ 20 n.5 (second alteration in original).  In *DeChant v. Monarch Life Insurance Co.*, 200 Wis. 2d 559, 569 (1996), the court observed that *Elliott* involved a declaratory judgment action in which the insurer breached its duty to defend. Immediately thereafter, the court expressly declined to extend *Elliott* beyond its particular facts and circumstances.  *Id.*; see *also Reid*, 2001 WI 106, ¶ 13, 245 Wis. 2d 658, ¶ 13 ("The facts and circumstances that gave rise to our decision in *Elliott* are particularly significant, because our reasoning therein is inextricably connected to those facts and circumstances."); *Gorton*, 217 Wis. 2d at 512 ("*Elliott* remains the only instance in which this court has interpreted Wis. Stat. § 806.04(8) to allow a grant of attorney fees.").

Here, Admiral has not been found to have breached its duty to defend.  It agreed to provide a defense, but HK Systems refused the attorney that Admiral proffered. Thereafter, Admiral did not abandon HK Systems to its own defense.  Instead, it allowed HK Systems to hire and direct Mayer Brown, offered to pay a reasonable fee, and did pay $175

10

per hour.  The only issue was the reasonableness of the attorneys' fees requested by HK Systems.  HK Systems argues that litigating for the full amount of fees is essentially the same as litigating Admiral's duty to defend.  (Pl.'s Reply at 5.)  This court disagrees.  Attorneys' fees have been awarded when the duty to defend is in dispute; however, when the litigation issue is the dollar amount of coverage *Elliott* does not appear to apply.  HK Systems is not entitled to attorneys' fees because Admiral did not breach its duty to defend.

Further, a federal court in a diversity case must narrowly construe state law, hesitating to expand liability.  Awarding attorneys' fees in this matter is inappropriate given the limits the Supreme Court of Wisconsin has placed on extending *Elliott* beyond its facts and circumstances.

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED that HK Systems's motion for an award of prejudgment interest and an award of attorneys' fees is denied.

Dated at Milwaukee, Wisconsin, this 17th day of January, 2008.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge

11